# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAZENAVE** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 16-1420** |
| **ANPAC LOUISIANA INSURANCE** | **SECTION: "G"(2)** |
| **COMPANY, et al.** | |

## ORDER

Pending before the Court is Defendant GEICO Casualty Company's ("GEICO") "Motion for Summary Judgment on Punitive Damages."[1] Having considered the motion, the memoranda in support and in opposition, the applicable law, and the record, the Court will grant the motion.

## I. Background

This litigation arises out of an automobile accident, which occurred on April 12, 2015.[2] Plaintiff Christopher Cazenave ("Plaintiff") alleges that he sustained "severe and disabling" injuries while he was a passenger in a vehicle that was struck by an allegedly drunken driver, Defendant Nicholas F. Echegaray ("Echegaray").[3] On October 20, 2015, Plaintiff filed suit in state court against Defendants Echegaray, ANPAC Louisiana Insurance Company ("ANPAC"), Progressive County Mutual Insurance Company ("Progressive"), and GEICO.[4] On December 16,

---

[1] Rec. Doc. 40.

[2] Rec. Doc. 1-2 at 7.

[3] *Id.*

[4] *Id.* at 7–8.

1

2015, Defendants Echegaray and ANPAC were dismissed from the suit.[5] Defendant Progressive removed the action to this Court on February 19, 2016.[6] On December 2, 2016, Plaintiff and Progressive reached a settlement, and the Court dismissed all of Plaintiff's claims against Progressive.[7] The sole remaining Defendant in this action is GEICO. Plaintiff alleges that GEICO had an automobile public liability policy containing uninsured motorist coverage and medical payments coverage in favor of Plaintiff and that the policy inures to Plaintiff's benefit due to the underinsured status of Echegaray.[8] GEICO filed the instant motion on October 25, 2016.[9] Plaintiff filed an opposition on November 10, 2016.[10] With leave of Court, GEICO filed a reply on November 15, 2016.[11]

## II. Parties' Arguments

### A.   GEICO's Arguments in Support of the Motion for Partial Summary Judgment

In its motion, GEICO argues that it is entitled to summary judgment on Plaintiff's claim for punitive damages.[12] GEICO asserts that Plaintiff seeks punitive damages pursuant to Louisiana Civil Code article 2315.4 in addition to compensatory damages for his physical injuries.[13] GEICO further asserts that Plaintiff has settled with and released the alleged drunken driver and his liability

---

[5] Rec. Doc. 1 at 4.

[6] *Id.*

[7] Rec. Docs. 59, 60.

[8] Rec. Doc. 1 at 8.

[9] Rec. Doc. 40.

[10] Rec. Doc. 45.

[11] Rec. Doc. 52.

[12] Rec. Doc. 40-2.

[13] *Id.* at 1 (citing Rec. Doc. 1-2).

2

insurer.[14] GEICO argues that Plaintiff may have a cause of action for punitive damages against the drunken driver, but that he cannot recover for those damages from GEICO, as they are specifically excluded from uninsured motorist coverage under Plaintiff's policy with GEICO.[15] GEICO represents that an exclusion in the "Uninsured Motorists Bodily Injury Coverage" section of Plaintiff's policy states that "there is no coverage for punitive or exemplary damages under the uninsured or underinsured motorists coverage of this policy."[16] GEICO argues that this exclusion is specifically authorized by Louisiana statute and case law.[17] As a result, GEICO argues, it is entitled to summary judgment dismissing Plaintiff's claim for punitive damages.[18]

**B.      *Plaintiff's Arguments in Opposition to the Motion for Partial Summary Judgment***

In his opposition, Plaintiff admits that the uninsured motorist portion of his policy with GEICO excludes coverage for punitive damages.[19] However, Plaintiff argues that under Louisiana law, an insured must sign a waiver form when he opts for lower limits in his uninsured motorist policy than is provided for in his liability policy.[20] Plaintiff asserts that GEICO has not provided such a waiver.[21] Plaintiff argues that elimination of coverage of punitive damages is "in effect a

---

[14] *Id.*

[15] *Id.* (citing Rec. Doc. 40-3).

[16] *Id.* at 2.

[17] *Id.* (citing La. Rev. Stat. Ann. § 22:1295(1)(a)(i); *Medice v. Ruiz*, 2002-0894 (La. App. 4th Cir. 2/5/03), 841 So.2d 842, *writ denied*, 2003-0645 (La. 5/9/03), 843 So.2d 398).

[18] *Id.*

[19] Rec. Doc. 45 at 1.

[20] *Id.* (citing La. Rev. Stat. Ann. §22:1295(1)(a)(ii)).

[21] *Id.*

lower limit than the liability portion of the policy."[22] Plaintiff agrees with GEICO that Louisiana law allows for the exclusion of punitive damages in an uninsured motorist policy, but argues that a waiver form is mandatory where a liability policy allows for punitive damages and the uninsured motorist policy does not.[23] Plaintiff argues that this issue was not raised in the case cited by GEICO, *Medice v. Ruiz*,[24] because in that case, punitive damages were "likely excluded by the liability portion of the policy as well."[25] According to Plaintiff, GEICO has not provided proof that Plaintiff signed the required form to opt for less coverage in his uninsured motorist policy than he has in his liability policy.[26] Plaintiff argues that if the lack of punitive damages in an uninsured motorist policy constitutes "lower limits" than punitive damages covered in the liability portion of the policy, then the issue of whether Plaintiff signed the required waiver is a factual dispute and should be preserved for trial.[27] As a result, Plaintiff argues, the Court should deny GEICO's partial summary judgment motion.[28]

**C.    Defendant's Arguments in Further Support of Partial Summary Judgment**

In reply, GEICO argues that Louisiana law does not require an insurer to provide uninsured motorist coverage for punitive damages.[29] Rather, GEICO asserts, Louisiana law specifically

---

[22] *Id.* at 2.

[23] *Id.*

[24] 2002-0894 (La. App. 4 Cir. 2/5/03), 841 So.2d 842, 844.

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] Rec. Doc. 52 at 2.

authorizes an insurer to exclude uninsured motorist coverage for punitive damages without regard for whether an insured wishes to pay a premium for such coverage.[30] According to GEICO, pursuant to Louisiana law, the Louisiana Commissioner of Insurance has created a special uninsured motorist selection/rejection form, which insurers are required to provide to insureds who desire not to purchase uninsured motorist coverage in limits equal to the bodily injury limits of the policy.[31] However, GEICO argues, the uninsured motorist selection/rejection form created by the Louisiana Commissioner of Insurance does not contain an option to select or reject uninsured motorist coverage for punitive damages.[32]

GEICO represents that Plaintiff's policy does not contain a Commission of Insurance form because Plaintiff's policy provides uninsured motorist coverage with limits equal to the bodily injury limits of Plaintiff's policy.[33] GEICO contends that Plaintiff's arguments in opposition to partial summary judgment are meritless, because the uninsured motorist coverage rejection/selection form that Plaintiff argues must be executed "excludes any possibility of selecting or rejecting [uninsured motorist] coverage for punitive damages."[34]

### III. Law and Analysis

A.   *Legal Standard on Summary Judgment*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[30] *Id.* at 2.

[31] *Id.* (citing La. Rev. Stat. Ann. § 22:1295(1)(a)(ii)).

[32] *Id.*

[33] *Id.*

[34] *Id.* at 2–3.

as a matter of law."[35] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[36] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[37] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[38]

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[39] Where the non-moving party bears the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the Court that there is an absence of evidence to support the non-moving party's case.[40] Thereafter, if the moving party satisfies its initial burden, the burden shifts to the non-moving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[41] In doing so, the non-

---

[35] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[36] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[37] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[38] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[39] *Celotex,* 477 U.S. at 323.

[40] *Id.* at 325.

[41] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

moving party may not rest upon mere allegations or denials in his pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[42] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[43] There is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[44]

**B.**     ***Applicable State Law Regarding Uninsured Motorist Coverage***

The issuance of uninsured motorist coverage in Louisiana is governed by Louisiana Revised Statute § 22:1295, which provides in pertinent part:

> No automobile liability insurance . . . shall be delivered or issued for delivery in this state . . . unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy . . . for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; however, the coverage required under this Section is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage . . . The coverage provided under this Section may exclude coverage for punitive or exemplary damages by the terms of the policy or contract.[45]

---

[42] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992)); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[43] *Little*, 37 F.3d at 1075.

[44] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

[45] La. Rev. Stat. Ann. § 22:1295(1)(a)(i).

The statute also provides that "rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance."[46] Louisiana courts have held that the statute's language, which allows providers of uninsured motorist coverage to exclude coverage for punitive or exemplary damages, is "non-violative of public policy."[47] Thus, where an uninsured motorist policy clearly states that there is no coverage for punitive or exemplary damages, Louisiana courts have not allowed plaintiffs to recover such damages from their insurers.[48] Courts have reached this conclusion regardless of whether the at-fault driver in the accident was, in fact, intoxicated.[49]

## C.    *Analysis*

GEICO argues that Plaintiff is not entitled to recover punitive damages, because Plaintiff's uninsured motorist policy clearly excludes coverage for punitive damages.[50] Plaintiff agrees that the uninsured motorist policy excludes coverage for punitive damages, but argues that GEICO was required to provide him with a waiver since his uninsured motorist policy has "lower limits" than his liability policy.[51] It is undisputed that Plaintiff's policy excludes punitive damages from

---

[46] La. Rev. Stat. Ann. § 22:1295(1)(a)(ii).

[47] *Yonter v. State Farm Mut. Auto. Ins. Co.*, 01-601 (La. App. 5 Cir. 11/27/01), 802 So. 2d 950, 951 (citing *Pike v. Nat'l Union Fire Ins. Co.*, 2000-1235 (La. App. 1 Cir. 6/22/01), 796 So.2d 696).

[48] *See id.* at 952. *See also Medice v. Ruiz*, 2002-0894 (La. App. 4 Cir. 2/5/03), 841 So.2d 842, 844.

[49] *See Yonter v. State Farm Mut. Auto. Ins. Co.*, 01-601 (La. App. 5 Cir. 11/27/01), 802 So. 2d 950, 951 ("Because as a matter of law the State Farm UM policy clearly excludes coverage for punitive/exemplary damages, the sufficiency, or lack thereof, of the proof of the tortfeasor's intoxication is not relevant to the correctness of the trial court's judgment."). *See also Medice v. Ruiz*, 2002-0894 (La. App. 4 Cir. 2/5/03), 841 So.2d 842, 844.

[50] Rec. Doc. 40-2 at 2.

[51] Rec. Doc. 45 at 1.

uninsured motorist coverage and that Louisiana law allows for the exclusion of punitive damages from uninsured motorist coverage.[52]

Plaintiff argues that Louisiana law requires a waiver in this case, because the exclusion of punitive damages from the uninsured motorist coverage amounts to "lower limits" than Plaintiff's liability policy.[53] However, the language of Louisiana Revised Statute § 22:1295(1)(a)(i) does not support such a conclusion. The statute states that insurers must provide uninsured motorist coverage "for the protection of persons insured thereunder who are legally entitled to recover *nonpunitive* damages from owners or operators of uninsured or underinsured motor vehicles."[54] The statute requires uninsured motorist coverage "in not less than the limits of *bodily injury liability* provided by the policy" unless an insured "rejects coverage, selects lower limits, or selects economic-only coverage."[55] The statute goes on to specifically state that the uninsured motorist coverage "*may* exclude coverage for punitive or exemplary damages by the terms of the policy or contract."[56]

According to Plaintiff, the exclusion of punitive damages from the uninsured motorist portion of a policy would constitute "lower limits" than those of the general policy and would require a form signed by the insured. However, the statute specifically states that uninsured motorist coverage must not be lower than the limits of the *bodily injury liability* provided by the

---

[52] *See* Rec. Doc. 40-2 at 2, Rec. Doc. 45 at 1.

[53] Rec. Doc. 45 at 2.

[54] La. Rev. Stat. Ann. § 22:1295(1)(a)(i) (emphasis added).

[55] *Id.* (emphasis added).

[56] *Id.* (emphasis added).

policy unless the insured selects a lower limit.[57] The statute does not state that the uninsured motorist coverage must include all of the coverage provided in the liability policy, as Plaintiff suggests. Rather, it only requires that uninsured motorist coverage not be less than the bodily injury liability in a policy.[58] Moreover, the statute explicitly allows for the exclusion of punitive or exemplary damages *by the terms of the policy*.[59] Although the statue requires that an insured's "rejection, selection of lower limits, or selection of economic-only coverage" be made only on a form prescribed by the commissioner of insurance,[60] the statute does not include such a requirement regarding uninsured motorist coverage for punitive damages. Such a requirement would, in fact, conflict with the language of the statute explicitly allowing punitive damages to be excluded from uninsured motorist coverage "by the terms of the policy or contract."[61]

 The Court's conclusion that punitive damages may be excluded by the terms of the policy or contract comports with Louisiana case law on uninsured motorist coverage. The facts of Plaintiff's case are similar to those of *Medice v. Ruiz*.[62] In that case, the plaintiff was hit by a drunken driver and tried to recover punitive damages from her insurer under the uninsured motorist portion of his policy.[63] The section on uninsured motorist coverage in the plaintiff's policy clearly

---

[57] *Id.*

[58] *Id.*

[59] *Id.*

[60] La. Rev. Stat. Ann. § 22:1295(1)(a)(ii).

[61] La. Rev. Stat. Ann. § 22:1295(1)(a)(i).

[62] 2002-0894 (La. App. 4 Cir. 2/5/03), 841 So.2d 842, 843. *See also Yonter v. State Farm Mut. Auto. Ins. Co.*, 01-601 (La. App. 5 Cir. 11/27/01), 802 So. 2d 950.

[63] *Medice*, 2002-0894 (La. App. 4 Cir. 2/5/03), 841 So.2d 842, 843.

and unambiguously excluded coverage for punitive or exemplary damages.[64] The Louisiana Fourth Circuit Court of Appeal held that the plaintiff could not recover punitive damages under the uninsured motorist section of a policy, because her policy clearly excluded coverage for punitive damages.[65]

Plaintiff contends that *Medice* is not applicable here, because according to Plaintiff, it appears that punitive damages were "likely excluded" by the liability portion of the *Medice* plaintiff's policy as well.[66] That argument is unavailing, as there is no indication in *Medice* that punitive damages were excluded from the liability portion of the plaintiff's policy.[67] Moreover, the *Medice* court made no mention of the exclusion of punitive damages from the liability potion of the plaintiff's policy in reaching its decision.[68] In concluding that punitive damages were excluded from the plaintiff's uninsured motorist coverage, the *Medice* court examined the terms of the plaintiff's policy.[69] It did not inquire whether the liability portion of the policy included punitive damages or whether the plaintiff had signed a form.[70]

Here, as was the case in *Medice*, punitive or exemplary damages are excluded from uninsured motorist coverage "by the terms" of Plaintiff's policy.[71]  Under Louisiana law, Plaintiff

---

[64] *Id.*

[65] *Id. See also Yonter v. State Farm Mut. Auto. Ins. Co.*, 01-601 (La. App. 5 Cir. 11/27/01), 802 So. 2d 950.

[66] Rec. Doc. 45 at 1.

[67] *Medice*, 2002-0894 (La. App. 4 Cir. 2/5/03), 841 So.2d 842.

[68] *Id.*

[69] *Id.* at 843.

[70] *Id.*

[71] *See* Rec. Doc. 40-3 at 14.

may not recover punitive damages from GEICO, even if the at-fault driver in this case was in fact intoxicated, because, as both parties agree, Plaintiff's policy excludes punitive damages from uninsured motorist coverage.[72] Accordingly, there is no genuine issue of material fact regarding Plaintiff's claim for punitive damages, and GEICO is entitled to judgment as a matter of law on Plaintiff's punitive damages claim.[73]

## IV. Conclusion

It is undisputed that Plaintiff's policy with GEICO excludes punitive damages from uninsured motorist coverage.[74] Louisiana law allows an insurer to exclude punitive damages from uninsured motorist coverage by the terms of the policy or contract.[75] The Court concludes that because Plaintiff's policy excludes punitive damages from uninsured motorist coverage, Plaintiff is, as a matter of law, not entitled to recover punitive damages from GEICO.

---

[72] *See Yonter v. State Farm Mut. Auto. Ins. Co.*, 01-601 (La. App. 5 Cir. 11/27/01), 802 So. 2d 950, 951 ("Because as a matter of law the State Farm UM policy clearly excludes coverage for punitive/exemplary damages, the sufficiency, or lack thereof, of the proof of the tortfeasor's intoxication is not relevant to the correctness of the trial court's judgment."). *See also Medice v. Ruiz*, 2002-0894 (La. App. 4 Cir. 2/5/03), 841 So.2d 842, 844.

[73] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[74] *See* Rec. Doc. 40-2 at 2, Rec. Doc. 45 at 1.

[75] La. Rev. Stat. Ann. § 22:1295(1)(a)(i).

Accordingly,

**IT IS HEREBY ORDERED** that GEICO's "Motion for Summary Judgment on Punitive Damages"[76] is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this 12th day of December, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[76] Rec. Doc. 40.