UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAZENAVE** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 16-1420** |
| **ANPAC LOUISIANA INSURANCE COMPANY, et al.** | **SECTION: "G"(2)** |

## ORDER

Pending before the Court is Defendant GEICO Casualty Company's ("GEICO") "Motion for Summary Judgment on Insurer Penalties."[1] Having considered the motion, the memoranda in support and in opposition, the applicable law, and the record, the Court will deny the motion.

## I. Background

This litigation arises out of an automobile accident, which occurred on April 12, 2015.[2] Plaintiff Christopher Cazenave ("Plaintiff") alleges that he sustained "severe and disabling" injuries while he was a passenger in a vehicle that was struck by an allegedly drunken driver, Defendant Nicholas F. Echeagaray ("Echeagaray").[3] On October 20, 2015, Plaintiff filed suit in state court against Defendants Echeagaray, ANPAC Louisiana Insurance Company ("ANPAC"), Progressive County Mutual Insurance Company ("Progressive"), and GEICO.[4] On December 16,

---

[1] Rec. Doc. 41.

[2] Rec. Doc. 1-2 at 7.

[3] *Id.*

[4] *Id.* at 7–8.

2015, Defendants Echeagaray and ANPAC were dismissed from the suit.[5] Defendant Progressive removed the action to this Court on February 19, 2016.[6] On December 2, 2016, Plaintiff and Progressive reached a settlement, and the Court dismissed all of Plaintiff's claims against Progressive.[7] The sole remaining Defendant in this action is GEICO, Plaintiff's insurer. Plaintiff alleges that GEICO had an automobile public liability policy containing uninsured motorist coverage and medical payments coverage in favor of Plaintiff and that the policy inures to Plaintiff's benefit due to the underinsured status of Echeagaray.[8] GEICO filed the instant motion on October 27, 2016.[9] Plaintiff filed an opposition on November 10, 2016.[10] With leave of Court, GEICO filed a reply on November 22, 2016.[11]

## II. Parties' Arguments

### A.    GEICO's Arguments in Support of the Motion for Partial Summary Judgment

In its motion, GEICO argues that it is entitled to summary judgment on Plaintiff's claim for insurer penalties.[12] GEICO asserts that Plaintiff cannot prove the essential prerequisite of having submitted satisfactory proof of loss and that Plaintiff's claim for insurer penalties should be dismissed as a result.[13] GEICO avers that Plaintiff's claim for insurer penalties is premised upon

---

[5] Rec. Doc. 1 at 4.

[6] *Id.*

[7] Rec. Docs. 59, 60.

[8] *Id.* at 8.

[9] Rec. Doc. 41.

[10] Rec. Doc. 46.

[11] Rec. Doc. 57.

[12] Rec. Doc. 41-1 at 1.

[13] *Id.*

alleged violations of Louisiana Revised Statutes §§ 22:1892 and 22:1973 through the "failure to make unconditional tender of benefits under the uninsured motorist coverage following alleged submission of satisfactory proof of loss."[14] GEICO represents that a claimant for penalties and attorney's fees has the burden of proving that the insurer failed to pay the claim within the requisite time limit after receiving satisfactory proof of loss and that the insurer was arbitrary or capricious in failing to pay.[15] To establish satisfactory proof of loss of an uninsured motorist claim, GEICO argues, the insured must establish that the insurer received sufficient facts which fully apprised the insurer that: (1) the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages.[16]

GEICO represents that the insurer penalty statutes are penal in nature and should be strictly construed such that sanctions should be imposed only in those instances in which the facts negate probable cause for nonpayment.[17] According to GEICO, when there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits.[18] GEICO further asserts that where a reasonable disagreement exists between the insured and the insurer as to the amount of a loss, the insurer's refusal to pay is not arbitrary, capricious, or without probable cause, and failure to pay within the

---

[14] *Id.* at 2.

[15] *Id.* (citing *Hart v. Allstate Ins. Co.*, 437 So.2d 823 (La. 1983)).

[16] *Id.* (citing *McDill v. Utica Mutual Ins. Co.*, 475 So.2d 1085 (La. 1985)).

[17] *Id.* (citing *Louisiana Bag Co., Inc. v. Audubon Indemnity Co.*, 08-0453 (La. 12/2/08), 999 So.2d 1104).

[18] *Id.* at 3 (citing *Reed v. State Farm Auto. Ins. Co.*, 03-0107 (La. 10/21/03), 857 So.2d 1012).

statutory delay does not subject the insurer to penalties.[19] GEICO argues that a party seeking insurer penalties bears the burden of showing that the insurer received satisfactory proof of loss.[20] GEICO further argues that summary dismissal of insurer penalty claims is appropriate where an essential element of satisfactory proof of loss is subject to genuine doubt or dispute.[21]

GEICO avers that the element of satisfactory proof of loss that Plaintiff has failed to satisfy is the extent of his damages, "which do not clearly exceed the tortfeasor's underlying $250,000 of liability insurance."[22] According to GEICO, Plaintiff claims that he has sustained a knee injury and a low back injury, has incurred $36,922 in post-accident medical expenses, and will need treatment in the future.[23] GEICO argues that Plaintiff's showing is "far, far insufficient to constitute satisfactory proof of loss that reasonable minds could not differ that his damages are in excess of $250,000, as is necessary to warrant an unconditional tender."[24]

GEICO notes that the range of awards for Plaintiff's claimed injuries is large, "reflecting the fact-finder's vast discretion in assessing damages."[25] GEICO further asserts that there are

---

[19] *Id.* (citing *Maloney Cinque, LLC v. Pacific Ins. Co.*, 2011-0787 (La. App. 4th Cir. 1/25/12), 89 So.3d 12).

[20] *Id.* at 3–4 (citing *Reed v. State Farm Auto. Ins. Co.*, 03-0107 (La. 10/21/03), 857 So.2d 1012).

[21] *Id.* at 4 (citing *Drago v. Sykes*, No. 13-563, 2013 WL 6665711, at *1 (E.D. La. Dec. 17, 2013) (Engelhardt, J.); *Schlosser v. Metro. Prop. & Cas. Ins. Co.*, No. 12-1301, 2012 WL 4471862, at *1 (E.D. La. Sept. 27, 2012) (Vance, J.); *Johnson v. State Farm Mut. Auto. Ins. Co.*, No. 11-1991, 2012 WL 1745497, at *1 (E.D. La. May 16, 2012) (Africk, J.); *Morris v. Liberty Mut. Ins. Co.*, No. 08-4247, 2010 WL 3942898, at *1 (E.D. La. Oct. 5, 2010) (Berrigan, J.)).

[22] *Id.*

[23] *Id.* at 4–5.

[24] *Id.* at 5.

[25] *Id.*

4

issues of causation in this case.[26] According to GEICO, a doctor who examined Plaintiff concluded that Plaintiff's knee problems largely consist of preexisting degenerative changes and did not find any objective evidence of lumbar spine problems.[27] While Plaintiff may recover a judgment, GEICO argues, he cannot recover insurer penalties due to a dispute over the extent of his damages and the lack of satisfactory proof of loss.[28]

GEICO contends that although Plaintiff may claim that his damages are astronomical and the jury might agree, he must show that there is an amount to which he was entitled under the uninsured motorist coverage over which reasonable minds could not differ in order to recover insurer penalties.[29] GEICO argues that Plaintiff's claimed injuries do not have a "minimum value above $250,000, or anywhere near that amount."[30] Because, GEICO argues, reasonable minds could differ as to the amount due Plaintiff and Plaintiff has not established satisfactory proof of loss above $250,000 as a matter of law, GEICO is entitled to summary dismissal of the insurer penalty claim.[31]

**B.**   ***Plaintiff's Arguments in Opposition to the Motion for Partial Summary Judgment***

In his opposition, Plaintiff contends that partial summary judgment should be denied, because a genuine factual dispute exists as to whether Plaintiff has submitted satisfactory proof of

---

[26] *Id.* at 6.

[27] *Id.*

[28] *Id.* at 7.

[29] *Id.*

[30] *Id.*

[31] *Id.*

loss to require a good faith tender.[32] Plaintiff asserts that he has already submitted sufficient evidence for a reasonable jury to easily conclude that GEICO was in bad faith in failing to make a tender, including medical evidence, bills, physical reports, forensic economic reports, and testimony of treating physicians.[33] According to Plaintiff, a report by a forensic economic expert, which was provided to GEICO before the filing of its summary judgment motion, shows that Plaintiff's future medical costs alone far exceed $250,000 and that those costs have since increased even further.[34]

Plaintiff further asserts that the cases cited by GEICO for the proposition that the plaintiff has the burden of proving that he has provided defendant with a satisfactory proof of loss to establish a bad faith claim were all cases decided at trial, not at summary judgment.[35] According to Plaintiff, the low verdicts cited by GEICO were for cases with very different facts.[36] Plaintiff argues that in spite of the information provided to GEICO regarding Plaintiff's damages, no unconditional tender has been made to Plaintiff.[37] Whether or not GEICO was in bad faith in their

---

[32] Rec. Doc. 46 at 1.

[33] *Id.* at 1–2.

[34] *Id.* at 5 (citing Rec. Doc. 46-2). Although GEICO argues that Plaintiff must demonstrate that he submitted evidence that his damages exceeded $250,000, the parties appear to agree that the threshold at this point in the litigation is actually $285,055 (the amount that Plaintiff has already received from the parties dismissed from the suit plus $5,000 in medical pay coverage that GEICO has already provided to Plaintiff). *See* Rec. Doc. 41-1 at 5 n.1, Rec. Doc. 46 at 5.

[35] *Id.* at 5–6 (citing *Hart v. Allstate Ins. Co.*, 437 So.2d 823 (La. 1983); *McDill v. Utica Mutual Ins. Co.*, 475 So.2d 1085 (La. 1985); *Louisiana Bag Co., Inc. v. Audubon Indemnity Co.*, 08-0453 (La. 12/2/08), 999 So.2d 1104; *Reed v. State Farm Auto. Ins. Co.*, 03-0107 (La. 10/21/03), 857 So.2d 1012; *Maloney Cinque, LLC v. Pacific Ins. Co.*, 2011-0787 (La. App. 4th Cir. 1/25/12), 89 So.3d 12).

[36] *Id.* at 6.

[37] *Id.*

6

failure to make an unconditional tender, Plaintiff argues, is a question of fact and summary judgment on the issue should be denied.[38]

### C.     Defendant's Arguments in Further Support of Partial Summary Judgment

In reply, GEICO argues that the issue is whether Plaintiff presented satisfactory proof of loss so as to require an unconditional tender of some payment under the uninsured motorist coverage and that Plaintiff has failed to do so.[39] "Satisfactory proof of loss," GEICO argues, requires clear evidence that Plaintiff sustained damages due to the accident in "an amount over which reasonable minds could not differ" in excess of the underlying liability policy limits of $250,000.[40] GEICO contends that the uncontested minimal amount due for Plaintiff's claimed injuries is far short of the $250,000 threshold such that the insurer penalty claim must be dismissed as a matter of law.[41] According to GEICO, the issue here is not whether the jury could award damages in excess of $250,000, but rather, whether Plaintiff has established that reasonable minds could not differ in concluding that his damages are more than $250,000, which would trigger GEICO's unconditional obligation to tender payment of the uninsured motorist coverage.[42]

GEICO argues that the testimony and evidence cited by Plaintiff in his opposition does not support the assertion of a penalty claim filed six months ago.[43] GEICO asserts that Plaintiff has the burden to prove that he submitted satisfactory proof of loss and that "the assertion of a

---

[38] Id.

[39] Rec. Doc. 57 at 1.

[40] Id.

[41] Id.

[42] Id. at 2.

[43] Id. at 3.

contested claim of speculative future medical costs cannot satisfy that burden."[44] Because, GEICO argues, Plaintiff has the burden of proving bad faith, the existence of reasonable doubts as to the extent and causation of a claim acts as a barrier to recovery of penalties.[45] According to GEICO, Plaintiff's penalty claim is dependent on proof that some payment was uncontestably due under the uninsured motorist coverage but that Plaintiff's claim for damages is contested on the merits.[46] As a result, GEICO argues, Plaintiff's penalty claim should be dismissed as a matter of law.[47]

### III. Law and Analysis

#### A.   *Legal Standard on Summary Judgment*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[48] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[49] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[50] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party,

---

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id.*

[48] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[49] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[50] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[51]

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[52] Where, as here, the non-moving party bears the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the Court that there is an absence of evidence to support the non-moving party's case.[53] Thereafter, if the moving party satisfies its initial burden, the burden shifts to the non-moving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[54] In doing so, the non-moving party may not rest upon mere allegations or denials in his pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[55] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[56]

[51] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[52] *Celotex,* 477 U.S. at 323.

[53] *Id.* at 325.

[54] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[55] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992)); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[56] *Little*, 37 F.3d at 1075.

There is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[57]

**B.    *Applicable State Law Regarding Insurer Penalties***

Louisiana law authorizes the recovery of bad faith penalties from insurers under two provisions. Under Louisiana Revised Statute § 22:1892(A)(1), "all insurers . . . shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured."[58] If an insurer refuses to pay a claim within thirty days of receiving satisfactory proof of loss, then § 22:1892(B)(1) provides that the insurer is subject to penalties if its conduct is "found to be arbitrary, capricious, or without probable cause."[59] Additionally, § 22:1973 requires insurers to act in good faith and provides for penalties if an insurer fails to pay a claim within sixty days after receipt of satisfactory proof of loss when "such failure is arbitrary, capricious, or without probable cause."[60] These statutes prohibit "virtually identical" conduct, and the primary difference between them is the time period allowed for payment.[61]

The insured who claims penalties "has the burden of proving that the insurer received 'satisfactory proof of loss' as a necessary predicate to a showing that the insurer was arbitrary, capricious, or without probable cause."[62] Satisfactory proof of loss is a showing "sufficient to

---

[57] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

[58] La. Rev. Stat. Ann. § 22:1892(A)(1).

[59] La. Rev. Stat. Ann. § 22:1892(B)(1).

[60] La. Rev. Stat. Ann. § 22:1793 (B)(5).

[61] *See Johnson v. State Farm Mut. Auto. Ins. Co.*, No. 11-1991, 2012 WL 1745497, at *4 (E.D. La. May 16, 2012) (Africk, J.) (citing *Korbel v. Lexington Ins. Co.*, 308 Fed. App'x 800, 803 (5th Cir. 2009)).

[62] *Schlosser v. Metro. Prop. & Cas. Ins. Co.*, No. 12-1301, 2012 WL 4471862, at *2 (E.D. La. Sept. 27, 2012) (Vance, J.) (quoting *Hart v. Allstate Ins. Co.*, 437 So.2d 823, 828 (La. 1983)).

apprise the insurer of the insured's claim."[63] A plaintiff who invokes an uninsured motorist provision must establish that he is "legally entitled to recover."[64] This requires that the "insurer received sufficient facts which fully apprise the insurer" of four elements: "(1) that the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages."[65]

Both § 22:1892 and § 22:1973 are to be "strictly construed and should not be invoked when the insurer has a reasonable basis for denying coverage."[66] "Whether or not a refusal to pay is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action . . . ."[67] A determination of whether an insurer's failure to pay a claim was arbitrary and capricious is a finding of fact.[68] Summary judgment is not appropriate when a claim for bad faith penalties depends on factual determinations concerning the reasonableness of the insurer's actions.[69] Summary judgment is appropriate, however, when there is no evidence of an insurer's bad faith conduct.[70]

---

[63] *Id.* (quoting *Hart v. Allstate Ins. Co.*, 437 So.2d 823, 828 (La. 1983)).

[64] *Id.*

[65] *Id*. (quoting *McDill v. Utica Mut. Ins. Co.*, 475 So.2d 1085, 1089 (La. 1985)).

[66] *Id.* (quoting *In re Hannover Corp.*, 67 F.3d 70, 73 (5th Cir. 1995)).

[67] *Johnson v. State Farm Mut. Auto. Ins. Co.*, No. 11-1991, 2012 WL 1745497, at *4 (E.D. La. May 16, 2012) (Africk, J.) (quoting *Reed v. State Farm Auto. Ins. Co.*, 03-0107 (La. 10/21/03), 857 So.2d 1012, 1021).

[68] *Id.*

[69] *Id.* (citing *Hartenstein v. State Farm Fire and Cas. Ins. Co.*, No. 07-4594, 2008 WL 2397713, at *3 & n. 22 (E.D. La. June 10, 2008) (Africk, J.)).

[70] *Id. See also Hartenstein v. State Farm Fire and Cas. Ins. Co.*, No. 07-4594, 2008 WL 2397713, at *3 (E.D. La. June 10, 2008) (Africk, J.) (citing *Gates v. Auto Club Family Ins. Co.*, No. 06-4394, 2007 WL 1464259, at *4 (E.D. La. May 17, 2007)).

C.      *Analysis*

GEICO argues that Plaintiff is not entitled to pursue a claim for insurer penalties, because he has failed to apprise GEICO of the extent of his damages as required to establish satisfactory proof of loss.[71] GEICO argues that the low end of the range of permissible jury awards for Plaintiff's injuries falls below $250,000 and that its September 13, 2016, expert report found "no objective evidence" of lumbar spine problems and indicated that Plaintiff's knee problems consist of preexisting degenerative changes.[72] Plaintiff asserts, and GEICO does not dispute, that he has provided GEICO with medical evidence, bills, physician reports, forensic economic reports, and testimony.[73] Plaintiff argues that he has provided GEICO with sufficient facts to apprise GEICO of the extent of his damages.[74] GEICO does not argue that Plaintiff has failed to satisfy any of the other elements required for satisfactory proof of loss, *i.e.* that the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; that he was at fault; or that such fault gave rise to damages.[75]

In order to sustain his claim for insurer penalties, Plaintiff must show that he has provided evidence to GEICO to apprise it of the extent of his injuries.[76] Although summary judgment on an insurer penalty claim is appropriate where the plaintiff has produced *no* evidence of an insurer's bad faith conduct,[77] summary judgment is not appropriate where a claim for bad faith penalties

---

[71] Rec. Doc. 41-1 at 4.

[72] *Id.* at 4–6.

[73] Rec. Doc. 46 at 1–2.

[74] *Id.*

[75] *See McDill v. Utica Mut. Ins. Co.*, 475 So.2d 1085, 1089 (La. 1985).

[76] *Id.*

[77] *See, e.g.*, *Gates v. Auto Club Family Ins. Co.*, No. 06-4394, 2007 WL 1464259, at *4 (E.D. La. May 17,

depends on factual determinations concerning the reasonableness of the insurer's actions.[78] Here, Plaintiff has shown that he provided proof of loss for which GEICO did not pay.[79] The record indicates that Plaintiff provided GEICO with medical records, as well as reports from Plaintiff's treating physician, treating neurosurgeon, and treating chiropractor.[80] The record indicates that Plaintiff filed his initial claim over six months ago and that GEICO received supplemental evidence about Plaintiff's damages on October 5, 2016.[81] Additionally, Plaintiff asserts, and GEICO does not dispute, that he provided GEICO with a forensic economic report on October 17, 2016,[82] showing that Plaintiff's future medical costs alone exceed $250,000.[83]

GEICO does not assert that Plaintiff has submitted no evidence of damages exceeding $250,000, and the parties do not dispute that GEICO has not paid Plaintiff's claim for damages that was filed over six months ago.[84] Instead, GEICO argues that there is a reasonable dispute as to the extent of damages, because: (1) the low end of the range of permissible jury awards for

---

2007); *Johnson v. State Farm Mut. Auto. Ins. Co.*, No. 11-1991, 2012 WL 1745497, at *6 (E.D. La. May 16, 2012) (Africk, J.).

[78] *See Hartenstein v. State Farm Fire and Cas. Ins. Co.*, No. 07-4594, 2008 WL 2397713, at *3 (E.D. La. June 10, 2008) (Africk, J.); *Grilleta v. Lexington Ins. Co.*, 558 F.3d 359, 368 (5th Cir. 2009) (A determination of whether an insurer's failure to pay a claim was arbitrary and capricious is a finding of fact.).

[79] *Id.* (emphasis added).

[80] Rec. Doc. 41-2 at 2–4.

[81] *Id.* at 1.

[82] Rec. Doc. 46-2 at 1. Plaintiff also asserts, and GEICO does not dispute, that he provided an updated forensic economic report and updated medical costs from medical providers to GEICO. *See* Rec. Doc. 46-3.

[83] Rec. Doc. 41-1 at 5 n.1.

[84] Although the parties do not provide an exact date for the filing of Plaintiff's initial claim with GEICO, the parties do not dispute that it was filed before Plaintiff's first amended complaint in this matter, which was filed on May 18, 2016. *See* Rec. Doc. 23.

Plaintiff's injuries falls below the required threshold;[85] and (2) its expert found that there was no objective evidence of lumbar spine problems and that Plaintiff's knee problem largely consists of preexisting degenerative changes.[86] However, GEICO does not cite to any case law for the proposition that past jury awards should be considered by courts in determining whether a plaintiff has submitted evidence of an insurer's bad faith and admits that a jury could award Plaintiff damages in excess of the required threshold.[87]

Moreover, Plaintiff submitted his claim to GEICO over six months ago, but the record indicates that GEICO's expert report was not completed until four months later in September 2016.[88] GEICO does not offer an explanation for its failure to pay Plaintiff within the statutory limits and before the completion of its expert report, aside from the fact that the "low end of the range of permissible awards" for the injuries claimed by Plaintiff falls below the required threshold.[89] The record also indicates that Plaintiff submitted supplemental evidence to GEICO that his damages exceeded $250,000 on October 17, 2016,[90] and there is no indication in the record before the Court that GEICO's September 2016 expert report was updated to address, much less contradict, Plaintiff's supplemental evidence of the extent of his damages. GEICO argues that Plaintiff's supplemental evidence is irrelevant, because it cannot "retroactively require an unconditional tender."[91] However, GEICO does not explain how its own report, which was

---

[85] *Id.* at 4–5.

[86] *Id.* at 6.

[87] Rec. Doc. 41-1 at 5; Rec. Doc. 57 at 2.

[88] Rec. Doc. 41-2 at 1.

[89] Rec. Doc. 41-1 at 4.

[90] *See* Rec. Doc. 46-2.

[91] Rec. Doc. 57 at 3.

completed at least four months after Plaintiff's claim was filed, can retroactively put the extent of damages in reasonable dispute and provide a reasonable basis for its rejection of Plaintiff's claim.

GEICO cites to decisions from courts in the Eastern District of Louisiana for the proposition that summary judgment of insurer penalty claims is appropriate where an essential element of satisfactory proof of loss is subject to genuine doubt or dispute.[92] None of the cases cited by GEICO, however, involved a determination as to the reasonableness of an insurer's decision to dispute the extent of damages based on its expert report. Rather, those cases involved issues of causation, fault, eligibility for damages, wavier of uninsured motorist coverage, and suspected insurance fraud.[93] The present case is more analogous to *Hartenstein v. State Farm Fire and Casualty Insurance Company*.[94] In that case, the plaintiff presented the insurer with information from an expert report regarding roof damage that contradicted the insurer's expert report.[95]  The insurer argued that it was entitled to summary judgment on the plaintiff's bad faith

---

[92] *Id.* at 4 (citing *Drago v. Sykes*, No. 13-563, 2013 WL 6665711, at *1 (E.D. La. Dec. 17, 2013) (Engelhardt, J.); *Schlosser v. Metro. Prop. & Cas. Ins. Co.*, No. 12-1301, 2012 WL 4471862, at *1 (E.D. La. Sept. 27, 2012) (Vance, J.); *Johnson v. State Farm Mut. Auto. Ins. Co.*, No. 11-1991, 2012 WL 1745497, at *1 (E.D. La. May 16, 2012) (Africk, J.); *Morris v. Liberty Mut. Ins. Co.*, No. 08-4247, 2010 WL 3942898, at *1 (E.D. La. Oct. 5, 2010) (Berrigan, J.)).

[93] *See Drago v. Sykes*, No. 13-563, 2013 WL 6665711, at *1 (E.D. La. Dec. 17, 2013) (Engelhardt, J.) (granting summary judgment for the defendant on bad faith penalties claim where the plaintiff had not established that the other driver was underinsured or that the other driver was at fault in causing the accident); *Schlosser v. Metro. Prop. & Cas. Ins. Co.*, No. 12-1301, 2012 WL 4471862, at *1 (E.D. La. Sept. 27, 2012) (Vance, J.) (granting summary judgment for the defendant on bad faith penalties claim after finding that the plaintiff had not established that the underinsured driver was at fault for the accident); *Johnson v. State Farm Mut. Auto. Ins. Co.*, No. 11-1991, 2012 WL 1745497, at *1 (E.D. La. May 16, 2012) (Africk, J.) (granting summary judgment for the defendant on bad faith penalties claim after finding that plaintiff had submitted no facts showing that the insurance company lacked a reasonable basis to investigate and defend against a claim where the surrounding circumstances suggested that insurance fraud may have occurred); *Morris v. Liberty Mut. Ins. Co.*, No. 08-4247, 2010 WL 3942898, at *1 (E.D. La. Oct. 5, 2010) (Berrigan, J.) (granting summary judgment for the defendant on bad faith penalties claim for insurer's refusal to pay non-economic damages and lost wages claim where the plaintiff had waived coverage for non-economic damages and the plaintiff had been retired for over a year at the time of the accident).

[94] No. 07-4594, 2008 WL 2397713, at *1 (E.D. La. June 10, 2008) (Africk, J.).

[95] *Id.* at *3.

penalties claim, because it had a reasonable basis for denying the plaintiff's claim.[96] The *Hartenstein* court rejected the insurer's argument that the plaintiff had produced no evidence that could provide a basis for concluding that the insurer had acted arbitrarily or capriciously, because the plaintiff had provided the insurer with an expert report explaining that the damage was caused by wind and providing an estimate of the cost of repairs.[97] The court held that the fact that the insurer had hired an expert after receiving the plaintiff's expert report who found that the damage was caused by pre-existing issues in the house did not, as a matter of law, indicate that the insurer had acted reasonably.[98]

The court held that it was presented with conflicting expert reports and that determining whether the insurer had acted reasonably was a factual determination that the Court could not decide on the record presented.[99] The court also rejected the insurer's argument that even if there was a dispute between the insurer and the plaintiff, it could not be liable for arbitrary and capricious behavior because the disagreement provided a reasonable basis to dispute the plaintiff's claims.[100] Because, the court held, determining whether the insurer had a reasonable basis to deny part of the plaintiff's claims was a factual determination that the court could not decide on the record presented, summary judgment was not appropriate.[101] As in *Hartenstein*, the current case involves a disagreement between Plaintiff and GEICO, and determining whether GEICO acted reasonably

---

[96] *Id.*

[97] *Id.*

[98] *Id.*

[99] *Id.*

[100] *Id.* at *3 n.22.

[101] *Id.*

in rejecting Plaintiff's claim requires a factual determination that this Court cannot make on the record presented.[102] Accordingly, because GEICO has failed to show that there are no genuine disputes of material fact, summary judgment on Plaintiff's bad faith penalties claim is not appropriate.

## IV. Conclusion

The Court finds that Plaintiff has provided evidence that he submitted facts to GEICO to apprise it of the extent of his injuries.[103] Plaintiff has shown that GEICO received proof of loss for which it did not pay within the statutory periods.[104] GEICO has failed to show that there are no genuine disputes of material fact at issue and that GEICO did not act in bad faith as a matter of law.[105] Whether GEICO's failure to pay was arbitrary, capricious, or without probable cause is a factual determination that the Court cannot decide on the record presented.[106] Summary judgment is, therefore, inappropriate.

---

[102] *See id.*

[103] *See McDill v. Utica Mutual Ins. Co.*, 475 So.2d 1085, 1089 (La. 1985).

[104] *See id. See also Hartenstein v. State Farm Fire and Cas. Ins. Co.*, No. 07-4594, 2008 WL 2397713, at *3 (E.D. La. June 10, 2008) (Africk, J.); *Grilleta v. Lexington Ins. Co.*, 558 F.3d 359, 368 (5th Cir. 2009) (A determination of whether an insurer's failure to pay a claim was arbitrary and capricious is a finding of fact.).

[105] *See Johnson v. State Farm Mut. Auto. Ins. Co.*, No. 11-1991, 2012 WL 1745497, at *4 (E.D. La. May 16, 2012) (Africk, J.).

[106] *See* La. Rev. Stats. Ann. §§ 22:1892, 22:1973.

Accordingly,

**IT IS HEREBY ORDERED** that GEICO's "Motion for Summary Judgment on Insurer Penalties"[107] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this 20th day of December, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[107] Rec. Doc. 41.